IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                            **Case No. 16-20085-JWL**

**Juan Lopez,**

      **Defendant.**

## MEMORANDUM & ORDER

Defendant Juan Lopez entered a plea of guilty to knowingly and intentionally possessing with the intent to distribute more than 500 grams of methamphetamine. He was sentenced to 164 months imprisonment. In April 2019, defendant's sentence was reduced to 108 months imprisonment. Mr. Lopez is presently incarcerated at FPC-Duluth and his projected release date is April 24, 2024.

This matter is now before the court on defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 88). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions

when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043.  But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.  The court, then, declines to address the other prerequisites.

The defendant argues that extraordinary and compelling reasons exist for his immediate release from prison—his risk of COVID-19 infection while incarcerated; the fact that COVID has been "hard on [his] family"; his desire to spend time with his minor son; and his rehabilitative efforts while incarcerated.  As will be explained, the court cannot conclude that the circumstances described by defendant constitute extraordinary and compelling reasons for his immediate release.  The motion is denied.[1]

The court begins with defendant's concerns about COVID-19.  Significantly, defendant does not mention any medical conditions or underlying health issues that might increase his risk of serious harm or death from the ongoing coronavirus pandemic.  The medical records reveal that defendant, in December 2020, tested positive for COVID-19 but there is no indication that defendant has any lingering effects from the infection or that he required any medical treatment for that infection. The fact that defendant has already contracted and recovered from COVID-19 cuts against his argument that compassionate release is warranted. *See United States v. Lee*, 849 Fed. Appx. 601, 602 (7th Cir. 2021) (district court did not abuse discretion in denying motion for

---

[1] The court assumes without deciding that defendant has adequately exhausted his administrative remedies. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021) (holding that § 3582(c)(1)(A)'s exhaustion requirement establishes solely a "claim-processing rule," rather than a jurisdictional rule).

compassionate release where, among other things, the defendant had recovered from an asymptomatic COVID-19 infection such that health complications from COVID-19 were unlikely); *United States v. Mackety*, 2021 WL 2345764, at *2 (6th Cir. June 8, 2021) (same); *United States v. Hays*, 2021 WL 3280729, at *3 (D. Or. July 30, 2021) (denying motion for compassionate release because defendant had already contracted and recovered from COVID-19); *United States v. Funez*, 2021 WL 168447, at *3 (D. Colo. Jan. 19, 2021) (finding it significant that the defendant had already contracted COVID-19 and recovered without incident). The record also reflects that defendant, in May 2021 and September 2021, refused a COVID-19 vaccine.  He does not offer any explanation to the court for this refusal.  *See United States v. Leslie*, 2022 WL 218619, *3 (D. Colo. Jan. 24, 2022) (courts are reluctant to find extraordinary and compelling circumstances relating to COVID-19 when a defendant has refused vaccination) (collecting cases).  Defendant's concerns about COVID-19, then, do not rise to the level of "extraordinary and compelling" circumstances sufficient to justify compassionate release. *See United States v. Birdsong*, 2020 WL 7316101, at *5 (D. Kan. Dec. 11, 2020) ("While the Court is sympathetic to Birdsong's concerns, generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.").

The court turns, then, to defendant's motion as it relates to his family situation, particularly the burden that the pandemic has placed on his family and his desire to spend time with his minor son.  The family situation described by defendant is not remotely akin to the family circumstances described as extraordinary and compelling by the Sentencing Commission or recognized by other courts in granting compassionate release.  Defendant does not suggest that any of his family

3

members need medical care or are ailing in any respect. In an analogous case, another court denied a request for compassionate release based in part on the hardship the defendant's family had suffered as a result of his incarceration:

> It is not unusual for defendants' families to bear the burden of incarceration, as [defendant] describes of his family. At the time he committed the instant offense, he had three minor children—then ages four, seven, and nine, the oldest two of whom resided with him. While his mother described him as an "attentive father," he nevertheless participated in and managed a large-scale drug smuggling conspiracy at the same time. . . . It is commendable that his family's wellbeing is forefront in his mind and that it may deter him from future criminal conduct. However, their welfare was an insufficient deterrent at the time of the instant offense, and it is not the Court's obligation to lessen the burden that [defendant] placed on them in the first place.

*United States v. Williamson*, 2021 WL 861352, at *3 (M.D.N.C. Mar. 8, 2021). Other courts have reached similar conclusions. *See United States v. Christie*, 2020 WL 3969962 (S.D.N.Y July 14, 2020) (denying compassionate release despite the defendant's argument that his release would help relieve his family's financial burden); *United States v. Gileno*, 448 F. Supp. 3d 183 (D. Conn. Mar. 19, 2020) (denying compassionate release to defendant whose family suffered financial constraints since the pandemic). Similarly, the court here appreciates defendant's desire to see his son and to help ease his family's burdens. But those considerations did not deter him from engaging in the criminal conduct for which he is incarcerated and do not differentiate defendant from the vast majority of other defendants with children and families. On this record, the court cannot find that defendant's family circumstances amount to an extraordinary and compelling reason to reduce his sentence. *See United States v. Whalen*, 2020 WL 3802714, at *8 (D. Me. July 7, 2020) (the defendant's desire to be with her children, without any underlying health issues relevant to COVID-19, did not justify compassionate release); *United States v. Scott*, 461 F. Supp.

4

3d 851, 863–64 (E.D. Wis. 2020) (while the defendant "would no doubt like to spend time with" family members, "that is also likely true of most prisoners" and defendant did not establish that his situation was extraordinary).

Lastly, the court rejects defendant's argument that his rehabilitation is sufficient to warrant early release. Generally, the rehabilitation of an inmate during his or her incarceration is not grounds for compassionate release. *See, e.g., United States v. Alvarez*, 2020 WL 4904586, at *5 (E.D.N.Y. Aug. 20, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason.") (emphasis in original); *see also United States v. Saldana*, 807 Fed. Appx. 816, 820 (10th Cir. Mar. 26, 2020) (district court did not err in finding, consistent with § 994(t), that defendant's rehabilitation alone was not an extraordinary and compelling reason for a sentence reduction). And while some courts have found extraordinary and compelling circumstances to exist when presented with applications by defendants who had spent substantial time in prison and had demonstrated significant rehabilitation during that time, those courts also found a specific defect or inequity in the defendant's sentence, *see Alvarez*, 2020 WL 4904586, at *5, such as Congress's decision to eliminate stacked sentencing under § 924(c). *See, e.g., United States v. Nafkha*, 2021 WL 83268, at *4 (D. Utah Jan. 11, 2021) (young age at time of offenses, rehabilitation in prison, good character and elimination of mandatory sentence stacking under § 924(c), considered together, established extraordinary and compelling reasons for compassionate release) (collecting cases). That critical factor is absent from the record here. Defendant has not shown anything objectionable about the length of his sentence or any reason why his sentence would be less if imposed today.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 88) is denied.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2022, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge